IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MITCHELL DWAIN RILEY, JR.                                                                              PLAINTIFF

v.                                       Civil No. 5:22-cv-05171

JOHN AND JANE DOE OFFICERS,
Fayetteville Police Department                                                                        DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, Mitchell D. Riley, Jr. ("Riley"), is an inmate of the Southwest Arkansas Community Correction Center. Riley proceeds *pro se* and *in forma pauperis* ("IFP"). The case is before the Court for preservice screening of the Complaint (ECF No. 2) under 28 U.S.C. § 1915A. Pursuant to § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

I.     BACKGROUND

This case was originally part of *Riley v. John or Jane Doe Jail Staff, et al.,* Civil No. 5-22-cv-05149. On August 23, 2022, an Order was entered severing Riley's wholly unrelated claims against the City of Fayetteville police officers. (ECF No. 8). As a result, this case was opened, and Riley's Complaint filed; Riley's allegations against the officers are contained on page 7.   (ECF No. 2). Riley had difficulty submitting the required IFP application but on November 21, 2022, Riley's Motion to Proceed IFP was granted. (ECF No. 10).

According to the allegations of the Complaint, on November 15, 2020, police officers with the City of Fayetteville, Arkansas arrested Riley at the Motel 6. (ECF No. 2 at 7). Riley asked the

1

arresting officers if he could retrieve his bag because it contained his hearing aid. *Id.* Riley's request was refused. *Id.* Riley subsequently advised Judge Beaumont, who presided over his criminal case, that he had been denied the opportunity to retrieve his hearing aid. *Id.* Riley also advised the Veteran's Administration and was told his hearing aid would be replaced; nevertheless, according to Riley, the hearing aid has not been replaced. *Id.* Riley sues the police officers only in their official capacities (ECF No. 2 at 7) and seeks compensatory damages.

## II. LEGAL STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.     DISCUSSION

The Due Process Clause of the Fourteenth Amendment provides that "'[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law.'" *Walters v. Wolf*, 660 F.3d 307, 311 (8th Cir. 2011) (*quoting* U.S. Const. Amend. XIV, § 1). "Procedural due process imposes constraints on governmental decisions which deprive individuals of liberty or property interests within the meaning of the Due Process Clause of the . . . Fourteenth Amendment." *Matthews v. Eldridge*, 424 U.S. 319, 332 (1976) (internal quotation marks omitted). "In some circumstances . . . the Court has held that a statutory provision for a post deprivation hearing, or a common-law tort remedy for erroneous deprivation, satisfies due process." *Zinermon v. Burch*, 494 U.S. 113, 128 (1990). Specifically, when the deprivation is the result of a random and unauthorized act and not pursuant to some established governmental procedure, the Court has held that "adequate post deprivation remedies satisfy the requirements of due process." *Walters*, 660 F.3d at 312 (citations omitted). "The loss of property . . . is in almost all cases beyond the control of the [government], in most cases it is not only impracticable, but impossible, to provide a meaningful hearing before the deprivation." *Id.*

An official capacity claim is considered as a claim against the employing governmental entity; in this instance, the City of Fayetteville. *Crawford v. Van Buren Cnty.*, 678 F.3d 666, 669 (8th Cir. 2012). "Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an 'official municipal policy,' (2) an unofficial 'custom,' or (3) a deliberately indifferent failure to train or supervise." *Corwin v. City of Indep., Mo.,* 829 F.3d 695, 699 (8th Cir. 2016) (citations omitted).

Riley does not allege the existence of any official policy which deprived him of his hearing

3

aid. *Corwin,* 829 F.3d at 700 (In this context, the term "policy" means an "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters"). Similarly, Riley does not allege the existence of any continuing, widespread, persistent pattern of unconstitutional conduct. *Id.* (*Corwin* setting forth the three prongs necessary to establishing liability through an unofficial custom). Riley only refers to the single (and admittedly unfortunate) incident when he was not allowed to retrieve his hearing aid during or in connection with his arrest at Motel 6.   Finally, Riley has not alleged the existence of a deliberately indifferent failure by the City of Fayetteville to train or supervise the officers. *Jennings v. Wentzville R-IV Sch. Dist.,* 397 F.3d 1118, 1122 (8th Cir. 2005) (to show deliberate indifference plaintiff must allege the municipality "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights"). For these reasons, Riley has failed to state a plausible official capacity claim, and his complaint cannot move forward.

### IV.   CONCLUSION

For these reasons, the undersigned recommends that:

(1)   The case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(2)   Plaintiff be warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the **Clerk** is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and,

(3)   The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties**

**are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of December 2022.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE